IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHOUJING ZHOU and NATHAN W BARTON,

    Plaintiffs,

v.

TING FU, YE YING ZHAO, HEA INC., HONG LI, JIE HUANG, WEI LIU, XIAOMIN ZHANG, DAN YU, SONG ZHANG, and JOHN DOES 1-10,

    Defendants.

No. 3:24-cv-01944-AB

ORDER

**BAGGIO, District Judge:**

On January 15, 2025, Plaintiff Shoujing Zhou who is proceeding *pro se*, filed an Emergency Motion for Temporary Restraining Order ("TRO") against Defendant Ting Fu. (ECF 25). The TRO alleges that Defendant Fu "threatened to come to [Plaintiff Zhou's] house with a gun and kill [Plaintiff Zhou]." *Id.* at 1. Additionally, the TRO alleges that Defendant Fu was involved in witness tampering. *See id.* at 2. Plaintiff Zhou is requesting the Court issue a TRO that orders Defendant Fu to stay away from Plaintiff Zhou's person, home, family, and to not contact Plaintiff Zhou or witnesses in the case. *Id.* For the reasons discussed below, Plaintiff's Emergency Motion for TRO is denied.

1 – ORDER

**LEGAL STANDARD**

Federal Rule of Civil Procedure 65 authorizes courts to issue temporary restraining orders. Fed. R. Civ. P. 65(b). The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held. *See W. Watersheds Project v. Bernhardt*, 391 F. Supp. 3d 1002, 1008-09 (D. Or. 2019). The legal standards applicable to TROs and preliminary injunctions are "substantially identical." *Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). The standard for a preliminary injunction is a high one: it "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, the party must show that: (1) the plaintiff is likely to succeed on the merits; (2) the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in the favor of the plaintiff; and (4) an injunction is in the public interest. *Id.* at 20.

**DISCUSSION**

A "court's equitable power lies only over the merits of the case or controversy before it. When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction" *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015). New assertions of misconduct do not support preliminary injunctions or TROs "entirely unrelated to the conduct asserted in the underlying complaint." *Id.* at 636. That is the case here.

The Complaint alleges claims of civil conspiracy, unlawful business practices, fraud, negligent/fraudulent misrepresentation, unjust enrichment, breach of contract, and theft by deception. Complaint ("Compl.", ECF 1), ¶¶ 294-335. However, the TRO alleges that Defendant Tu threatened to murder Plaintiff Zhou and that Defendant Fu was involved in witness tampering.

*See* TRO at 1-2. A preliminary injunction or TRO "is appropriate to grant intermediate relief of the same character as which may be granted finally, and relief is not proper when requested on matters lying wholly outside the issues in suit." *Bustillo v. Beacon*, No. CV 18-00039-TUC-CKJ, 2018 WL 10323818, *6 (D. Ariz. Oct. 4, 2018); *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945).

Plaintiff Zhou's new assertions of misconduct of threats of murder and witness tampering on the part of Defendant Fu do not support the issuance of a TRO because it is entirely unrelated to the conduct alleged in the Complaint. *Pac. Radiation Oncology, LLC*, 810 F.3d at 636. The Ninth Circuit is clear that the injunctive relief sought must have a sufficient nexus to the final relief sought. *Id.*; *see Meyer v. Core Civic*, No. CV 21-01209-PHX-MTL (DMF), 2022 WL 1203872, at *3 (D. Ariz. Apr. 22, 2022) (denying plaintiff's motion for injunctive relief from witness tampering and retaliation because no nexus existed between the injunctive relief sought and the complaint); *see McDonald v. Jones*, No. 2:24-cv-1027 CSK P, 2024 WL 4100536, at *4 (E.D. Cal. Sept. 6, 2024) (same). Here, there is not a sufficient nexus between the injunctive relief from retaliation and witness tampering to the allegations of civil fraud crimes in the underlying Complaint.

## CONCLUSION

Accordingly, Plaintiff Zhou's Emergency Motion for Temporary Restraining Order (ECF 25) is DENIED.

IT IS SO ORDERED.

DATED this 16th day of January, 2025.

*Amy M. Baggio*
_____
AMY M. BAGGIO
United States District Judge

3 – ORDER