IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SHOUJING ZHOU and NATHEN W BARTON, | No. 3:24-cv-01944-AB |
| Plaintiffs, | OPINION AND ORDER |
| v. | |
| TING FU, YE YING ZHAO, HEA INC., HONG LI, JIE HUANG, WEI LIU, XIAOMIN ZHANG, DAN YU, and JOHN DOES 1-10, | |
| Defendants. | |

**BAGGIO, District Judge:**

This action comes before the Court on self-represented Plaintiffs Shoujing Zhou and Nathen W Barton's (collectively "Plaintiffs") Motion for Appointment of Receiver ("Mot.", ECF 61). For the reasons discussed below, Plaintiffs' Motion for Appointment of Receiver is DENIED.

## I.    BACKGROUND

Plaintiffs bring this action against Defendants Ting Fu, Ye Ying Zhao, HEA Inc, Hong Li, Jie Huang, Wei Liu, Xiaomin Zhang, and Dan Yu (collectively "Defendants") alleging fraud, unlawful business practices, fraudulent misrepresentation, unjust enrichment, breach of contract, Racketeer Influenced and Corrupt Organizations Act ("RICO"), conspiracy, and sale of unregistered securities. *See* First Amended Complaint ("FAC", ECF 53) ¶¶ 863-1223. Plaintiffs

allege that Defendants have solicited millions of dollars by operating a Ponzi scheme and ask the Court to appoint a receiver to take over the "[f]oreign currency trading business[.]" Mot. at 2. Defendants oppose appointment of a receiver. *See* Response to Motion for Appointment of Receiver ("Resp.", ECF 66).

## II.    LEGAL STANDARD

In diversity actions such as this case, "federal law governs the issue of whether to appoint a receiver[.]" *Canada Life Assurance Co. v. LaPeter*, 563 F.3d 837, 843 (9th Cir. 2009). "Therefore, a federal court with diversity jurisdiction over a case must comply with Federal Rule of Civil Procedure 66 . . . even if state receivership law would produce a different result." *Sterling Sav. Bank v. Citadel Dev. Co.*, 656 F. Supp. 2d 1248, 1253 (D. Or. 2009) (citing *Canada Life*, 563 F.3d at 842-43).

Appointment of "a 'receiver is an extraordinary equitable remedy,' which should be applied with caution." *Canada Life*, 563 F.3d at 844 (quoting *Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.,* 999 F.2d 314, 316 (8th Cir. 1993)). A motion for appointment of a receiver should be "granted only in cases of clear necessity to protect plaintiff's interests in the property." *Solis v. Matheson*, 563 F.3d 425, 437 (9th Cir. 2009) (quotation marks and citations omitted). A district court has "broad powers and wide discretion" in deciding whether to appoint a receiver. *Secs. & Exch. Comm'n v. Lincoln Thrift Ass'n*, 577 F.2d 600, 606 (9th Cir. 1978); *see Canada Life*, 563 F.3d at 845. Although "there is 'no precise formula for determining when a receiver may be appointed[,]'" the Ninth Circuit directs the Court to consider:

(1) whether [the party] seeking the appointment has a valid claim;

(2) whether there is fraudulent conduct or the probability of fraudulent conduct, by the defendant;

(3) whether the property is in imminent danger of being lost, concealed, injured, diminished in value, or squandered;

(4) whether legal remedies are inadequate;

(5) whether the harm to [the moving party] by denial of the appointment would outweigh injury to the party opposing appointment;

(6) the [moving party's] probable success in the action and the possibility of irreparable injury to [that party's] interest in the property; and,

(7) whether [the moving party's] interests sought to be protected will in fact be well-served by receivership.

*Canada Life*, 563 F.3d at 844 (quotation marks and citations omitted). No single factor is dispositive. *Id.* at 845.

## III.    DISCUSSION

Applying the *Canada Life* Factors, the Court evaluates whether Plaintiffs have demonstrated that appointment of a receiver is appropriate here.

### A.  Valid Claim

The first factor is whether Plaintiffs have a valid claim. *Id.* at 844. At this very early stage in the proceedings, the Court cannot determine whether Plaintiffs have a valid claim. The motion for appointment for receiver precedes any judgment on the merits, thus the Court has not had the benefit of hearing all the evidence. At this stage of the proceedings, the Court finds this factor to be neutral.

### B.  Fraudulent Conduct

The second factor is whether Plaintiffs have presented evidence of fraudulent conduct by the Defendants. *Id.* at 844. Plaintiffs allege numerous fraudulent activities by Defendants. Plaintiffs have proffered evidence of social media instant messenger conversations, deposition transcripts, and declarations. Defendants respond that "[t]he Motion does not set forth the elements

of an applicable fraud claim[]" and that "Plaintiffs present no authority for the proposition that allegations of 'contradictory explanations' in this context equate to fraud." Resp. at 6. Defendants further state, that at this stage of the proceedings "[i]t is not clear how much of this voluminous type of evidence upon which Plaintiffs rely will end up being admissible or relevant." *Id.*

The Court cannot definitively determine at this stage whether Defendants have engaged in fraudulent conduct and/or continued to engage in fraudulent conduct that would deprive Plaintiffs of their alleged rights in the investment money. Defendants have not had the opportunity to meaningfully respond to the allegations of fraud. Because the record is not sufficiently developed, the Court finds this factor to be neutral.

### C.  Imminent Danger of Property Being Lost, Concealed, Injured, Diminished in Value, or Squandered

The third factor is whether Plaintiffs have submitted sufficient evidence to show that the property is in "imminent danger of being lost, concealed, injured, diminished in value or squandered." *Canada Life*, 563 F.3d at 844. While Plaintiffs may have valid concerns about their investment money, they have failed to meet their burden to show that the investment money is in imminent danger of being lost, concealed, injured, diminished in value, or squandered. Plaintiffs state that "[w]hatever money is in these investment accounts *could* vanish or be spent by Ting Fu, Jie Huang, Song Zhang or one of his team of 20[.]" Mot. at 8 (emphasis added). Plaintiffs simply hypothesize, without support, that the investment money *could* vanish or be spent. Plaintiffs additionally allege that Defendants Fu and Huang are living solely off of the investment money. *Id.* at 10. This allegation is speculative, as Plaintiffs do not present sufficient evidence to prove their allegation. Therefore, the Court finds that this factor weighs against appointing a receiver.

### D. Inadequate Legal Remedies

The fourth factor is whether legal remedies are inadequate. *Canada Life*, 563 F.3d at 844. Plaintiffs argue that a "judgement [sic] obtained after all the assets are gone is an inadequate remedy." Mot. at 8. Instead, Plaintiffs suggest that an "appropriately skilled financial manager should gain control of the investment now[.]" *Id.* at 9-10. Defendants respond that "Plaintiffs possess adequate legal remedies, including the pursuit of damages and sanctions, rigorous financial discovery, and the enforcement of any potential judgment, obviating the need for the extraordinary measure of receivership." Resp. at 3.

Plaintiffs pray for relief in the form of return of money lost and resulting damages, special damages, punitive damages, treble damages, all other financial damages, court costs, attorney fees, pre-judgment interest, post-judgment interest, and an order freezing "all assets, capital, tangible property, and documentation in the possession, custody, or control of Defendants[.]" FAC ¶¶ 1224-39. Plaintiffs have not argued or presented sufficient evidence that the legal remedies sought in their complaint are inadequate. Instead, Plaintiffs speculate that all the assets will be gone prior to conclusion of the litigation. Accordingly, because the legal remedies requested in Plaintiffs' complaint appear adequate, this factor weighs against appointing a receiver.

### E. Balance of Harms

The fifth factor is whether the harm to Plaintiffs by denial of the appointment would outweigh injury to the Defendants. *Canada Life*, 563 F.3d at 844. Plaintiffs argue that they will be harmed because all the investment money will be gone prior to a judgment. *See* Mot. Plaintiffs state that Defendants will not be harmed by appointment of a receiver "because they are not entitled to" the investment money. *Id.* at 10. Again, because these allegations are speculative and they lack

sufficient evidence that Plaintiffs will suffer prejudice *without* a receiver, the Court finds this factor weighs against appointing a receiver.

### F.  Probability of Success and Irreparable Injury to Interest

The sixth factor is the Plaintiffs' probable success in this action and the possibility of irreparable injury to Plaintiffs' interest in the property. *Canada Life*, 563 F.3d at 844. Similar to the first *Canda Life* factor—whether Plaintiffs have a valid claim—the Court cannot determine the probability of Plaintiffs' success in this action or if there will be irreparable injury to their interest. At this early stage of the proceedings, the Court finds this factor to be neutral.

### G.  Interest Well-Served

The seventh and final factor is whether Plaintiffs have submitted sufficient evidence to show that the interests they seek to protect will in fact be well-served by receivership. *Id.* Plaintiffs argue that a "professional money manager will be best suited to understand the investment, understand if the assets are lost or frozen, understand who the investors are and what they are owed, and return the money fairly to them." Mot. at 11. And that Defendants "Ting Fu and Jie Huang seem the worst choices to be managing the money as many investors are owed significant sums and have received nothing for some time." *Id.*

Plaintiffs have failed to present sufficient evidence to show how exactly a professional money manager would serve the Plaintiffs' interest or who the professional money manager would be. *See Avalanche Funding, LLC v. Arif*, No. 2:16-cv-02555-TLN-KJN, 2021 WL 1664433, at *4 (E.D. Cal. Apr. 28, 2021) (seventh *Canada Life* factor weighed in favor of appointing a receiver when the plaintiff submitted evidence on how exactly the receiver would serve the plaintiff's interest in the property at issue); *see also Cal. Bank & Tr. v. Shilo Inn*, Nos. 1:12-cv-00141-CWD, 1:12-cv-00142-CWD, 1:12-cv-00143-CWD, 2012 WL 1883474, at *7 (D. Idaho May 22, 2012)

(seventh *Canada Life* factor weighed in favor of appointing a receiver when affidavit of the potential receiver stated the company had handled over 600 receiverships and appeared qualified to operate the property at issue). Because Plaintiffs have failed to submit any evidence on who would be appointed as the receiver or how exactly an appointment of receiver will protect the interests sought by Plaintiffs, this factor weighs against appointing a receiver.

### H.  The *Canada Life* Factors Conclusion

On balance, the Court does not find that the *Canada Life* factors weigh in favor of appointing a receiver. The Court concludes that the "extraordinary equitable remedy" of receivership is inappropriate here. *Canada Life*, 563 F.3d at 844 (quoting *Aviation Supply*, 999 F.2d at 316). Most importantly, "denying [Plaintiffs'] request for appointment of a receiver does not impede [Plaintiffs'] ability to continue to prosecute this action against [Defendants], whereas appointment of a receiver would complicate this case unnecessarily." *LPP Mortg. Ltd. v. Ondyn Herschelle*, Case No. 13-cv-04330-JSC, 2014 WL 3568577 (N.D. Cal. July 17, 2014). Therefore, Plaintiffs' Motion for Appointment of Receiver is denied.[1]

## IV.    CONCLUSION

For all the reasons discussed, Plaintiffs' Motion for Appointment of a Receiver (ECF 61)

/ / /

/ / /

/ / /

---

[1] In their Response, Defendants misquote a citation from *Canada Life*. *See* Resp. at 3. Based in part on the misquoted citation, Plaintiffs ask the Court to: "Require defendants' counsel to show cause why they should not be sanctioned for misrepresenting precedent, misleading the Court, and engaging in unprofessional conduct." Reply to Motion (ECF 68) at 4. Defendants filed a Sur-Reply (ECF 72) to correct the citation at issue. The Court is satisfied with Defendants' Sur-Reply and therefore denies Plaintiffs' request to order Defendants to show cause why they should not be sanctioned.

is DENIED without prejudice.

IT IS SO ORDERED.

DATED this <u>11th</u> day of April 2025.

_____

AMY M. BAGGIO
United States District Judge